A Suffolk County grand jury indicted the defendant on one count of arson of a dwelling, two counts of aggravated assault and battery by means of a dangerous weapon, one count of assault and battery by means of a dangerous weapon, four counts of armed assault with intent to murder, and two counts of attempted murder.[2] The Commonwealth filed a nolle prosequi on two of the four counts of armed assault with intent to murder and the two counts of attempted murder. After a trial, a jury returned a guilty verdict on all remaining charges and the judge sentenced the defendant. The Supreme Judicial Court upheld the defendant's convictions on all but two of the charges, setting aside the defendant's two convictions of armed assault with intent to murder and remanding the case to the Superior Court for a new trial on those indictments. Commonwealth v. Dung Van Tran, 463 Mass. 8 (2012). On July 17, 2013, the Commonwealth filed a nolle prosequi on the two remanded charges after conferring with the victims' families, who requested not to be forced to endure a second trial on the matter. The defendant then filed a motion for new trial on March 2, 2017, which the Commonwealth opposed and a judge denied. The defendant appeals, alleging that the judge erred in denying his motion for new trial because the defendant was not afforded trial counsel at the entry of nolle prosequi. We affirm.
The defendant alleges that the prosecution's filing of a nolle prosequi was a critical stage at which the protections of the Sixth Amendment to the United States Constitution entitled him to counsel. See Commonwealth v. Johnson, 80 Mass. App. Ct. 505, 510-511 (2011). He can point to no cases and we can find none that stands for this proposition. Critical stages occur when "the accused finds himself 'confronted, just as at trial, by the procedural system, or by his expert adversary, or by both.' " Commonwealth v. Sargent, 449 Mass. 576, 580 (2007), quoting from United States v. Byers, 740 F.2d 1104, 1117-1118 (D.C. Cir. 1984). Alternatively, entering nolle prosequi for the defendant's charges, "[i]n effect, ... wipes out the charges pending against the defendant and precludes the State from prosecuting the defendant under the charging document that was nolle prossed." 4 LaFave, Israel, King, & Kerr, Criminal Procedure § 13.3(c), at 179 n.37 (4th ed. 2015). The defendant here was "not confronted by the procedural system; he [had] no decisions in the nature of legal strategy or tactics to make." Commonwealth v. Sargent, supra, quoting from United States v. Byers, supra at 1118. Accordingly, it was not error for the judge to deny the defendant's motion for new trial.[3]
Order denying motion for new trial affirmed.

A separate grand jury indicted the defendant on a charge of home invasion based on the same conduct as the listed indictments, and the indictments all were joined for trial.

To the extent that the defendant's additional claims rise to the level of appellate argument, we find nothing in them that warrants further discussion. See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).